STEAGALL, Justice.
Irmatean Watson filed an action on September 29, 1993, to contest the election of Vivian Davis Figures to the District 1 seat on the Mobile City Council. The general election had been held on August 24, 1993, and a run-off election had been held on September 14, 1993. Watson alleged that Figures had failed to file a statement of economic interests and therefore, had failed to comply with Ala.Code 1975, § 36-25-15.
In a related case, on September 20, 1993, Aleen M. Davison filed a “complaint for writ of mandamus and permanent injunction writ of mandamus” in the Mobile Circuit Court. That complaint asked the court to direct Richard L. Smith, as the Mobile city clerk, to withdraw the name of Figures from the ballot used in the run-off election; that election, of course, had already been held. Davison alleged that on the day before the run-off election, she and other voters had filed a petition seeking to have Figures’s name removed from the ballot for failure to comply with state law and that Smith had breached his duty to the public in refusing to remove Figures’s name. Davison also requested that the court permanently enjoin Figures from taking office as Mobile City councilperson; *937 this would be the only practical relief sought by Davison’s complaint.
The eases were heard together in the trial court. The court entered an order holding that § 36-25-15 applies only to candidates for state office and that candidates for county and local offices are not required to file a statement of economic interests; the court declared that Figures was the duly elected councilperson for District 1 of the City of Mobile. Both Watson and Davison appeal.
Assuming, without deciding, that Davison’s request for an injunction could be construed as an election contest, we will now address the issue presented by both Davison and Watson, that issue being whether § 36-25-15 applies to candidates for municipal office.
In its order, the trial court stated:
“These proceedings have been consolidated by agreement of counsel and involve a contest of a municipal election and a petition for a writ of mandamus to the clerk of the City of Mobile. At issue is the alleged failure of Vivian Davis Figures, candidate for District I of the Mobile City Council, ... to file a Statement of Economic Interests with the Alabama Ethics Commission. All agree that Mrs. Figures received the majority of the votes in the run-off election for District 1, but the plaintiffs contend that there was a failure to file such a statement and that this compels her name to be stricken or withdrawn as the duly elected candidate for District I. Mrs. Figures has been declared and certified by the Mobile City Council and the City Clerk as the duly elected candidate for District I.
“The Court has received evidence and entertained the arguments of counsel. After careful consideration of the law and the facts, the Court finds:
“Section 36-25-14 of the Code of Alabama 1975 provides that all elected public officials of the state, county, and municipal levels of government must file a Statement of Economic Interests.
“Section 36-25-15 provides, in part, as follows:
“ ‘36-25-15. Statements of economic interests and notice of candidacy of candidates for state office.
“ ‘(a) Within 10 days after he becomes a candidate for state office, each candidate shall file a statement of economic interests as prescribed by the commission and in keeping with this chapter at the office of the state ethics commission.
[[Image here]]
“ ‘(d) Other provisions of the law notwithstanding, if a candidate for elective public office does not submit a statement of economic interests in accordance with the requirements of this chapter within 10 days after he becomes a candidate, his name shall not appear on the ballot. However, the state ethics commission may in its discretion allow the candidate an additional five days to file such statement of economic interests because of mistake, omission, error, or other good cause. (Emphasis supplied.)’
“As the statute in question is in derogation of the common law, it must be strictly construed. The very title of the section indicates that it applies only to candidates for state office. Further, it does not seem reasonable that the Legislature would have included subsection (a) if it intended that this particular section apply to all candidates for elective office.
“It is therefore the finding of this Court that candidates for county and local offices are not required to file the Statement of Economic Interests, but that § 36-25-15 applies only to candidates for state office.
“Based upon the above and foregoing, it is ORDERED AND DECLARED that Vivian Davis Figures is the duly elected councilperson for District I of the City of Mobile, Alabama.... [Cjosts [are] taxed to the plaintiffs.
“Done at Mobile, Aabama, this 28th day of September 1993.”
(Emphasis original.)
After reviewing the applicable law in this case, we agree with the trial court’s conclusion that § 36-25-15 applies only to candidates for state office and that candidates for county and municipal offices are not required to file a statement of economic interests. If the legislature had intended § 36-25-15 to *938 apply to candidates for county and municipal offices, it would not have included subsection (a), which limits the section to candidates for state offices. Section 36-25-15 is the codification of § 13, Act No. 1056, Ala.Acts 1973. The legislature indicated the intent of Act No. 1056 in the title:
“To establish a state ethics commission and to provide a state ethics law, which: requires disclosures of certain economic interests and certain family connections to be filed by state officials and certain state employees and by persons having certain business dealings with the state or its agencies or instrumentalities, proscribes certain practices by state officials and employees which conflict with the proper safeguarding of the public trust; requires the registration of persons engaged in activities designed to influence legislation and the making of certain reports by such persons and otherwise regulates such activities of such persons; prescribes penalties; provides for the enforcement of this act; prescribes the powers and duties of the ethics commission; and authorizes the commission to prescribe, promulgate and enforce rules, consonant with this law, to govern activities and disclosures by county and municipal officials needed to safeguard the public trust in such governmental units.”
The purposes stated in that title do not encompass the intent to require that a candidate for a county or municipal office file a statement of economic interests. Moreover, Regulation 342-X-2-.02(3), promulgated by the State Ethics Commission, provides that candidates for county and municipal offices are not required to file statements of economic interests.
The circuit court correctly held that a candidate for a county or municipal office is not required to file a statement of economic interests.
AFFIRMED.
MADDOX, SHORES, INGRAM and COOK, JJ., concur.